UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BAKER PACKING CO., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-663-XR |
| | § | |
| PRODUCE FRESH, INC. a/k/a PRODUCE | § | |
| FRESH BROKERAGE, and MARIA L. | § | |
| BAEZ, | § | |
| | | |
| *Defendants*. | | |

## ORDER

On this date, the Court considered Plaintiff's Motion for Default Judgment filed January 21, 2011 (Docket No. 11).  After consideration of the motion, record, and applicable law, the Court GRANTS Plaintiff's motion for default judgment.

## Background

Plaintiff is an Oregon corporation in the business of selling wholesale quantities of perishable agricultural commodities (produce) in interstate commerce.  Defendants are Produce Fresh, Inc., a Texas corporation that is a dealer and commission merchant subject to the Perishable Agricultural Commodities Act of 1930 (PACA), and Maria Baez, the Director and Principal of Produce Fresh. Between October and December 2009, Plaintiff sold and delivered to Defendants, and Defendants accepted, produce in the total amount of $39,332.84.  Plaintiff alleges that Defendants failed to pay for all but $1,000.20 of this produce, and that PACA entitles Plaintiff to payment from Defendants' PACA trust assets in the amount of $38,332.64 plus prejudgment interest of $2,660.77, costs of $490.00, and post judgment interest, for a total of at least $41,483.41.[1]

---

[1] Pl.'s Mot. For Entry of Default J., Jan. 21, 2011 (Docket Entry No. 11).

**Procedural History**

Plaintiff filed this lawsuit on August 9, 2010.[2] The summonses and Complaint were personally served on Defendants on August 10, 2010, and their answers were due August 30, 2010.[3] Plaintiff filed its Motion for Entry of Default on September 30, 2010.[4] The Clerk entered default that same day.[5]

**Legal Standard**

Baker seeks a default judgment against Produce Fresh and Baez pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure because they have failed to respond or otherwise defend against Baker's allegations. The Court must accept pleaded facts as true, but retains the obligation to determine whether those facts state a claim upon which relief may be granted. *See Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (upholding district court's entry of default judgment because, even if true, the Plaintiff's allegations would not support imposing liability against the Defendants); *see also Marshall v. Baggett*, 2010WL3220356 at *2 (8th Cir. 2010). Thus, even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis*, 236 F.3d at 767. In determining whether to grant a default judgment, relevant factors include:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

---

[2] Pl.'s Compl., Aug. 9, 2010 (Docket Entry No. 1).

[3] Pl.'s Mot. For Entry of Default, Aug. 30, 2010 (Docket Entry No. 8).

[4] *Id*.

[5] Clerk's Entry of Default, Sep. 30, 2010 (Docket Entry No. 9)

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A court may conduct a hearing to effectuate judgment, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b). A hearing is not necessary, however, if the court finds within its discretion that it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

**Analysis**

In its Complaint, Plaintiff alleges that Produce Fresh has breached its duties as a produce dealer under the Perishable Agricultural Commodities Act of 1930 by failing to pay Plaintiff for goods delivered to Produce Fresh, giving rise to a PACA trust claim against Produce Fresh in the amount of $38,332.64.[6]

Section 499e(c)(2) provides that produce received by a broker, dealer, or commission merchant and the proceeds from any sale of such produce received from a supplier shall be held in trust for the benefit of the unpaid sellers or suppliers thereof until full payment is made. Broker, dealer, and commission merchant are separately defined by 7 U.S.C. § 499a, the central factor in each being engaging in buying or selling produce in interstate commerce. From the facts presented, it appears that Defendant Produce Fresh qualifies as a dealer under 7 U.S.C. § 499a(b)(6) because it is "engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce." Plaintiff also fulfills the

---

[6] Pl.'s Compl., Aug. 9, 2010 (Docket Entry No. 1); 7 U.S.C. § 499e. The total PACA trust amount asserted by Plaintiff is $39,332.84, however, Defendants have paid $1,000.20 since the inception of this lawsuit, leaving a balance of $38,332.64. Pl.'s Mot. For Entry of Default J. at 3 n. 10.

definition of dealer, and has obtained a PACA license under 7 U.S.C. § 499c, which confers dealer status upon the license holder. Baker also asserts that it has not been paid for the full amount of produce delivered to Produce Fresh. Therefore, Baker and Produce Fresh fulfill the prerequisites set forth by 7 U.S.C. § 499e(c) for finding that a PACA trust has been created for the benefit of an unpaid seller of produce.

A PACA trust is created by "operation of law whenever a dealer receives and accepts perishable commodities," and 7 U.S.C. §499e(c)(2) provides that the produce itself and any proceeds from the sale thereof are held in trust by the dealer for the benefit of all unpaid suppliers.[7] Plaintiff asserts that Defendants received $39,332.84 worth of produce in interstate commerce, and have paid only $1,000.20, meaning that $38,332.64 remains held in trust for Plaintiff's benefit. As provided by 7 U.S.C.§ 499e(c)(5), an action by a trust beneficiary to enforce payment may be brought in this court.

PACA further requires that an unpaid seller or supplier give notice of intent to preserve trust benefits to the dealer, broker, or commission merchant. This notice may be provided by including language from 7 U.S.C. § 499e(c)(4) in the "ordinary and usual billing or invoice statements" provided to the purchaser.[8] Plaintiff attaches fifteen invoices sent by it to Defendants, in the total amount of $38,332.64.[9] Each invoice contains the statutory language required to give Defendants notice of Plaintiff's intent to preserve PACA trust benefits. Plaintiff also provides the Declaration

---

[7]*Greg Orchards and Produce Inc., v. Roncone*, 180 F.3d 888, 890 (7th Cir. 1999)(citing 7 C.F.R. § 46.46(e)(2).

[8]See *Sanzone Brokerage, Inc., v. J&M Produce Sales, Inc.*, 547 F. Supp. 599, 602 (N.D. Tex. 2008).

[9]Pl.'s Mot. For Entry of Default J., Jan. 21, 2011 (Docket Entry No. 11).

of Bill Trask, as controller and custodian of Plaintiff's records, who asserts that Produce Fresh has failed to pay for produce in the amount of $38,332.64, as illustrated by the attached invoices. Accordingly, Plaintiff has shown it is entitled to relief in the amount of $38,332.64.

Including the PACA trust amount owed of $38,332.64, costs, and discretionary prejudgment interest, Plaintiff is requesting a $41,483.41 judgment against Defendants. Plaintiff includes the Declaration of Steven M. DeFalco, an attorney representing Plaintiff, who states that the costs of filing and service of process have cost Plaintiff $490.00. DeFalco further states that his calculation of discretionary prejudgment interest is $2,660.77 with an attached worksheet showing interest calculated from the various payment due dates of each invoice at rate of six percent.

PACA itself does not expressly provide for the award of prejudgment interest. A district court "has broad discretion to award discretionary prejudgment interest to PACA claimants under 7 U.S.C. § 499e(c)(2)."[10] The guiding principle behind the exercise of such discretion is whether awarding prejudgment interest would further the Congressional purpose behind the statute.[11] One purpose meant to be fulfilled by PACA is the prompt payment of suppliers of produce in interstate commerce. The Congressional intent behind PACA is referenced in the statute itself:

> [I]t is hereby found that a burden on commerce in perishable agricultural commodities is caused by financing arrangements under which commission merchants, dealers, or brokers, who have not made payment for perishable agricultural commodities purchased, contracted to be purchased . . . and that such arrangements are contrary to the public interest. This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.

---

[10] *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1226 (9th Cir. 2002); See also *Eagle Eye Distrib. Inc., v. Ben Parker, Inc.*, 2009 WL 4251105 (N.D. Tex. 2009).

[11] See *Rogers v. United States*, 332 U.S. 371, 373 (1947).

7 U.S.C. § 499e(c)(1). Further Congressional intent is found in the House Committee Report discussing PACA, that the purpose behind the statutory trust is to ensure prompt payment and to "protect the interests of the borrower, the money lender, and the fruit and vegetable industry."[12] Under the facts presented by Plaintiff, the award of prejudgment interest in this case would further the purposes of PACA, and is therefore appropriate.

Plaintiff argues that Defendant Baez is personally liable for the amount of $38,332.64 because as a corporate officer and principle of Defendant Produce Fresh she breached her fiduciary duty to ensure that Produce Fresh maintained sufficient PACA trust assets to pay Plaintiff. A corporate officer who is in a position to control PACA trust assets and breaches the fiduciary duty owed to the beneficiaries of that trust can be held personally liable.[13] Liability under PACA attaches first to the produce dealer, merchant, or broker – Defendant Produce Fresh. If the dealer has insufficient assets to fulfill its PACA obligations, then others, such as Defendant Baez, may be held secondarily liable.[14] Secondary liability is imposed only if the corporate officer, Baez, played "some role in causing the corporate trustee to commit the breach of trust."[15] In its Complaint, Plaintiff asserts that Baez is the director and principal of Produce Fresh, which would place her in a position to control the PACA trust assets, because corporations necessarily act only through their authorized representatives. Therefore, if Produce Fresh is unable to satisfy its obligations under PACA, Baez

---

[12]*In Re W.L. Bradley Co., Inc.*, 78 B.R. 92,93 (Bankr. E.D. Pa. 1987)(quoting H.R. No. 98-543, 98th Cong., 1st Sess. 3 at 4 (1983).

[13]See *Golman-Hayden Co. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 350 (5th Cir. 2000).

[14]*Id*.

[15]*Id*. at 351 (quoting *Sunkist Growers v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997)).

6

will be liable.

Based on the detailed affidavits and documentary evidence provided, this Court finds that the Defendants have had sufficient notice and opportunity to refute Plaintiff's factual and legal allegations but have failed to do so. Defendants were both personally served with Plaintiff's Complaint and with summonses on August 10, 2010. There is no indication of good faith mistake or excusable neglect justifying their failure to respond or otherwise defend against Plaintiff's allegations in the five months subsequent to being served.

Plaintiff has sufficiently alleged that it is entitled to amount of the PACA trust for unpaid produce. *See Lewis v. Lynn,* 236 F.3d at 767. Awarding judgment in the amount of $41,483.41 is not unduly harsh on Defendants because notice was included on each invoice they received from Plaintiff that it intended to preserve its PACA trust benefits as allowed by statute. This Court finds that Plaintiff has established the grounds for default judgment and its entitlement to relief.

**Conclusion**

Having considered Plaintiff's motion and the entire record, the Court hereby GRANTS Plaintiff's motion for default judgment. It is therefore, ORDERED, ADJUDGED, AND DECREED that Plaintiff Baker Packing Company have and recover from Defendants Produce Fresh Inc. a/k/a Produce Fresh Brokerage and Maria L. Baez an amount of FORTY ONE THOUSAND FOUR HUNDRED EIGHTY THREE DOLLARS AND FORTY ONE CENTS ($41,483.41).

It is so ORDERED.

SIGNED this 6th day of April, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE